UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY – EAST, INDIVIDUALLY AND AS THE BOARD GOVERNING THE ORLEANS LEVEE DISTRICT, THE LAKE BORGNE BASIN LEVEE DISTRICT, AND THE EAST JEFFERSON LEVEE DISTRICT,** | * Civil action no. 2:13-cv-05410 <br> * <br> * Section: G <br> * <br> * Division: 3 <br> * <br> * Judge: Nannette Jolivette Brown <br> * <br> * Magistrate: Daniel E. Knowles, III |
| Plaintiffs | * <br> * |
| v. | * <br> * |
| **TENNESSEE GAS PIPELINE COMPANY, LLC, ET AL.,** | * <br> * <br> * |
| Defendants. | * |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING LOUISIANA ACT 544

The plaintiffs—the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, individually ("SLFPA-E"), and as the board governing the Orleans Levee District, the Lake Borgne Basin Levee District, and the East Jefferson Levee District ("the Levee Districts")—move this Court for entry of a partial summary judgment foreclosing the defense that the plaintiffs' claims are precluded by 2014 Louisiana Act No. 544 ("Act 544").

Act 544 was enacted after the plaintiffs filed their Petition in the Civil District Court for the Parish of Orleans, which Petition was subsequently removed to this Court. Although proponents of Act 544 indicated the Act was pursued as a reaction to the plaintiffs' Petition, the prohibitory language included in Act 544 with regard to "local governmental entit[ies]" does not include SLFPA-E or the Levee Districts within its scope pursuant to the statutory and state constitutional definitions applicable to that phrase. Moreover, if the plaintiff entities were

1

included within the scope of Act 544's prohibition, that prohibition would violate the Louisiana State Constitution's *(1)* prohibition against violating the separation of powers (La. Const. Art. II, § 2); *(2)* prohibition of improper special or local laws (La. Const. Art. III, § 12(A)(3)); *(3)* requirement to advertise any otherwise proper special or local laws (La. Const. Art. III, § 13(A)); *(4)* mandate to protect, conserve, and replenish the state's environment under the constitutional public trust doctrine (La. Const. Art. IX, § 1); and *(5)* requirement to comply with specific public-notice-related procedural safeguards in processing and passing legislation (La. Const. Art. III, § 15(A), (C), and (D)). Finally, even if the Court were to find that Act 544 does include the plaintiff entities within its scope and that the prohibition is constitutional, the specific claims raised here by the plaintiffs are not covered by Act 544's prohibitions.

As presented in further detail in the accompanying memorandum in support, on each of these issues there are no genuine disputes as to material fact, and the plaintiffs are entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56. Because Act 544 is a newly enacted law that its proponents argue should result in the termination of this lawsuit, the best use of the resources of this Court and of the parties is to resolve these pure legal issues surrounding Act 544 prior to the investment of further resources in briefing other issues in this matter.

For the reasons presented here and in the accompanying memorandum in support, the plaintiffs request that this Court enter partial summary judgment that Act 544 does not present a viable defense to any or all of the claims in the Petition, because that Act is inapplicable to the plaintiff entities, is unconstitutional under the Louisiana Constitution, and is otherwise inapplicable to the claims pursued by the Plaintiffs.

                                              Respectfully Submitted,

                                              */s/ Emma Elizabeth Antin Daschbach*_____
                                              Gladstone N. Jones, III

(gjones@jonesswanson.com)
Attorney Identification No. 22221
Eberhard D. Garrison
(egarrison@jonesswanson.com)
Attorney Identification No. 22058
Kevin E. Huddell
(khuddell@jonesswanson.com)
Attorney Identification No. 26930
Emma Elizabeth Antin Daschbach
(edaschbach@jonesswanson.com)
Attorney Identification No. 27358
**Jones, Swanson, Huddell & Garrison, L.L.C.**
601 Poydras St., Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

James R. Swanson
(jswanson@fishmanhaygood.com)
Attorney Identification No. 18455
Brent B. Barriere
(bbarriere@fishmanhaygood.com)
Attorney Identification No. 2818
Benjamin D. Reichard
(breichard@fishmanhaygood.com)
Attorney Identification No. 31933
**Fishman, Haygood, Phelps, Walmsley Willis & Swanson, L.L.P.**
201 St. Charles Ave.
Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

J. Michael Veron
(mike@veronbice.com)
Attorney Identification No. 7570
J. Rock Palermo III
(rock@veronbice.com)
Attorney Identification No. 21793
Alonzo P. Wilson
(lon@veronbice.com)
Attorney Identification No. 13547
Turner D. Brumby
(turner@veronbice.com)
Attorney Identification No. 33519
Ashley E. Philen
(ashleyphilen@gmail.com)
Attorney Identification No. 31285
**Veron, Bice, Palermo & Wilson, L.L.C.**
721 Kirby St. (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Telephone: (337) 310-1600
Facsimile: (337) 310-1601

*Counsel for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2014, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system, which will send a notice of the electronic filing to the counsel of record for Defendants.

                                                 */s/ Emma Elizabeth Antin Daschbach*