**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BOARD OF COMMISSIONERS OF THE** | * | **Civil action no. 2:13-cv-05410** |
| **SOUTHEAST LOUISIANA FLOOD** | * | |
| **PROTECTION AUTHORITY – EAST,** | * | **Section: G** |
| **INDIVIDUALLY AND AS THE BOARD** | * | |
| **GOVERNING THE ORLEANS LEVEE** | * | **Division: 3** |
| **DISTRICT, THE LAKE BORGNE** | * | |
| **BASIN LEVEE DISTRICT, AND THE** | * | **Judge: Nannette Jolivette Brown** |
| **EAST JEFFERSON LEVEE DISTRICT,** | * | |
| | * | **Magistrate: Daniel E. Knowles, III** |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **TENNESSEE GAS PIPELINE** | * | |
| **COMPANY, LLC, ET AL.,** | * | |
| | * | |
| **Defendants.** | * | |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**PARTIAL SUMMARY JUDGMENT REGARDING LOUISIANA ACT 544**

Pursuant to Local Rule 56.1, the plaintiffs—the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, individually ("SLFPA-E"), and as the board governing the Orleans Levee District, the Lake Borgne Basin Levee District, and the East Jefferson Levee District ("the Levee Districts")—provide this statement of potentially material facts as to which there is no genuine issue:

1. The Plaintiff Board of Commissioners of SLFPA-E brought the causes of action in the Petition in this lawsuit on behalf of SLFPA-E individually, and distinctly on behalf of the constituent Levee Districts. R. Doc. 1-2, at ¶¶ 1.1, 1.2.

2. None of the Plaintiffs' causes of action invoke the enforcement provision in La. R.S. § 49:214.36 as the source of such cause of action. R. Doc. 1-2; R. Doc. 363, at 66-67.

1

3.   On December 13, 2013, the Louisiana Oil and Gas Association, Inc. ("LOGA") brought suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against the Louisiana Attorney General, seeking a declaration that SLFPA-E was a state agency, and that any funds recovered by SLFPA-E in this lawsuit would be state funds; and seeking to enjoin the prosecution of this lawsuit. Petition for Declaratory Judgment and Injunctive Relief, Case No. 626798 (19th JDC) ("LOGA Petition" or, more generally, "LOGA lawsuit") (Petition attached as Exh. 1 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment). SLFPA-E was allowed to intervene in that lawsuit.

4.   On March 10, 2014, the judge in the LOGA Lawsuit adopted Findings of Fact and Conclusions of Law that SLFPA-E is a political subdivision and not a state agency, that any funds recovered by SLFPA-E would not be state funds, that SLFPA-E had demonstrated sufficiently to the Attorney General that it had a "real necessity" to hire special counsel to pursue this lawsuit, and that LOGA's request for injunctive relief was frivolous. LOGA Lawsuit, Findings of Fact and Conclusions of Law, at Finding of Fact ¶ XX (with the attendant minute entry, *in globo* Exh. 2 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment).

5.   Among the many bills filed in the 2014 Louisiana legislative session as a reaction to this lawsuit were SB 531 and SB 469.

6.   SB 531 sought to add a new section—La. R.S. § 49:214.36.1—to the Louisiana Coastal Zone Management law that would seek to limit rights of action of any

state of local governmental entity. Original SB 531, SLS 14RS-840 (Exhibit 3 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment).

7. Action on SB 531 was deferred in the Senate Judiciary A Committee and it was never acted on. Senate Committee on Judiciary A, Agenda, April 29, 2014; and report of Final Disposition of Senate Bills, 2014 Regular Session, noting SB 531 "Died in House/Senate Committee") (*in globo* Exh. 4 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment).

8. Original SB 469 sought to amend the existing enforcement section of the Louisiana Coastal Zone Management law—La. R.S. § 49:214.36—by adding an administrative process by which the secretary of the Louisiana Department of Natural Resources would have to investigate and reach certain findings before an enforcement action was allowed to go forward under that provision. Original SB 469, SLS 14RS-829 (Exh. 5 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment).

9. After deferral of committee action on SB 531, the operative provisions of SB 531 were substituted into SB 469, which also was amended to add a new title, by way of amendments circulated the night before the hearing on SB 469 in the Senate Natural Resources Committee. Senate Committee Amendments, SB 469 (Exh. 7 to Memorandum in Support of plaintiffs' Motion for Partial Summary Judgment).

10. SB 469 was only read twice on the Senate floor by its amended title prior to passage of SB 469 by the full Senate. La. Legislature website, 2014 Regular Legislative Session, SB 469 (http://www.legis.la.gov/legis/BillInfo.aspx?s=14RS&b=SB469&sbi=y) (last

visited August 2, 2014); *see also* La. Sen. J., 2014 Reg. Sess. No. 1, at 15 (May 6, 2014); La. Sen. J., 2014 Reg. Sess. No. 1, at 21 (May 7, 2014).

11. SLFPA-E and the Levee Districts are not "local governments" under the Louisiana Coastal Zone Management laws, as neither set of entities is a government of general jurisdiction that operates at a parish-wide level.

12. SLFPA-E and the Levee Districts are not "local governmental subdivisions" under the Louisiana Constitution, as neither set of entities is a parish or municipality.

13. SLFPA-E and the Levee Districts are not state agencies.

14. SLFPA-E and the Levee Districts are not arms of the state.

15. The Levee Districts maintain distinct legal personality from SLFPA-E.

16. Legislative and lobbying proponents of SB 469 represented that their aim for SB 469 was to address the "illegal" hiring of special counsel by SLFPA-E, to address SLFPA-E as a "state agency," and to clarify existing law in the enforcement provision of the Louisiana Coastal Zone Management law.

17. Neither SB 469 nor SB 531 were advertised in the official journal of the localities under the territorial jurisdiction of SLFPA-E (or SLFPA-W), much less at least thirty days prior to introduction of the bills.

Respectfully Submitted,

*/s/ Emma Elizabeth Antin Daschbach*_____
Gladstone N. Jones, III
(gjones@jonesswanson.com)
Attorney Identification No. 22221
Eberhard D. Garrison
(egarrison@jonesswanson.com)
Attorney Identification No. 22058
Kevin E. Huddell

(khuddell@jonesswanson.com)
Attorney Identification No. 26930
Emma Elizabeth Antin Daschbach
(edaschbach@jonesswanson.com)
Attorney Identification No. 27358
**Jones, Swanson, Huddell & Garrison, L.L.C.**
601 Poydras St., Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

James R. Swanson
(jswanson@fishmanhaygood.com)
Attorney Identification No. 18455
Brent B. Barriere
(bbarriere@fishmanhaygood.com)
Attorney Identification No. 2818
Benjamin D. Reichard
(breichard@fishmanhaygood.com)
Attorney Identification No. 31933
**Fishman, Haygood, Phelps, Walmsley**
**Willis & Swanson, L.L.P.**
201 St. Charles Ave.
Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

J. Michael Veron
(mike@veronbice.com)
Attorney Identification No. 7570
J. Rock Palermo III
(rock@veronbice.com)
Attorney Identification No. 21793
Alonzo P. Wilson
(lon@veronbice.com)
Attorney Identification No. 13547
Turner D. Brumby
(turner@veronbice.com)
Attorney Identification No. 33519
Ashley E. Philen
(ashleyphilen@gmail.com)
Attorney Identification No. 31285
**Veron, Bice, Palermo & Wilson, L.L.C.**
721 Kirby St. (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Telephone: (337) 310-1600
Facsimile: (337) 310-1601

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system, which will send a notice of the electronic filing to the counsel of record for Defendants.

*_/s/ Emma Elizabeth Antin Daschbach_*