# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS OF THE | * | Civil Action No. 2:13-cv-05410 |
| SOUTHEAST LOUISIANA FLOOD | * | |
| PROTECTION AUTHORITY — EAST, | * | Section: G |
| INDIVIDUALLY AND AS THE BOARD | * | |
| GOVERNING THE ORLEANS LEVEE | * | Division: 3 |
| DISTRICT, THE LAKE BORGNE BASIN | * | |
| LEVEE DISTRICT, AND THE EAST | * | Judge: Nannette Jolivette Brown |
| JEFFERSON LEVEE DISTRICT, | * | |
| | * | Magistrate: Daniel E. Knowles, III |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TENNESSEE GAS PIPELINE | * | |
| COMPANY, LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS BECAUSE PLAINTIFFS' CLAIMS ARE NON-JUSTICIABLE AND FALL WITHIN THE PRIMARY JURISDICTION OF FEDERAL AND STATE AGENCIES

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ..............................................................................................................1

APPLICABLE STANDARD.................................................................................................2

ARGUMENT ....................................................................................................................3

I.      The Board's Claims Should Be Dismissed Because They Have Been Displaced
        By The Political Branches And Are Barred Under The Public Services Doctrine.............3

        A.      The Board's Tort Remedies Have Been Displaced By The Action Of The
                Political Branches. .................................................................................................3

        B.      The Board's Claims Are Barred By The Public Services Doctrine........................5

II.     If It Is Not Dismissed, The Litigation Should Be Stayed And Referred To The
        Expert Agencies With Primary Jurisdiction Over The Board's Claims. ...........................7

        A.      The U.S. Army Corps of Engineers Has Primary Jurisdiction Over the
                Board's Claims.......................................................................................................8

        B.      State Agencies Have Special Competency Regarding the Board's Claims...........10

CONCLUSION.................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Am. Elec. Power Co. v. Connecticut*,
    131 S. Ct. 2527 (2011) ................................................................................................ 2, 3, 4

*Atchafalaya Basinkeeper v. Chustz*,
    682 F.3d 356 (5th Cir. 2012) ................................................................................................ 8

*Avoyelles Sportsmen's League, Inc. v. Marsh*,
    715 F.2d 897 (5th Cir. 1983) ............................................................................................ 7, 9

*Baker v. Carr*,
    369 U.S. 186 (1962) ........................................................................................................... 1, 6

*City of Flagstaff v. Atchison, Topeka & Santa Fe Ry. Co.*,
    719 F.2d 322 (9th Cir. 1983) ................................................................................................ 6

*City of Milwaukee v. Illinois*,
    451 U.S. 304 (1981) ................................................................................................................ 3

*Cnty. of Suffolk v. Long Island Lighting Co.*,
    907 F.2d 1295 (2d Cir. 1990) ............................................................................................. 10

*Fercom Aquaculture Corp. v. United States*,
    740 F. Supp. 736 (E.D. Mo. 1990) ...................................................................................... 9

*Gen. Elec. Co. v. MV Nedlloyd*,
    817 F.2d 1022 (2d Cir. 1987) ............................................................................................... 7

*Mayor & Council of City of Morgan City v. Jesse J. Fontenot, Inc.*,
    460 So. 2d 685 (La. App. 1st Cir. 1984) ........................................................................ 2, 5, 6

*Montgomery Envtl. Coalition Citizens Coordinating Comm. on Friendship Heights v. Wash. Suburban Sanitary Comm'n*,
    607 F.2d 378 (D.C. Cir. 1979) .............................................................................................. 9

*Mulberry Hills Develop. Corp. v. United States*,
    772 F. Supp. 1553 (D. Md. 1991) ........................................................................................ 9

*Nader v. Allegheny Airlines*,
    426 U.S. 290 (1976) ............................................................................................................. 12

*Native Village of Kivalina v. ExxonMobil Corp.*,
    696 F.3d 849 (9th Cir. 2012) ................................................................................................ 4

*Northwinds Abatement v. Emp'rs Ins. of Wausau*,
    69 F.3d 1304 (5th Cir. 1995) .............................................................................................. 10

*Penny v. Sw. Bell Tel. Co.*,
   906 F.2d 183 (5th Cir. 1990) ................................................................. 10

*Red Lake Band of Chippewa Indians v. Barlow*,
   846 F.2d 474 (8th Cir. 1988) ................................................................. 10

*Reiter v. Cooper*,
   507 U.S. 258 (1993) ............................................................................... 7

*Terrebonne Parish School Bd. v. Castex Energy, Inc.*,
   893 So. 2d 789 (La. 2005) ................................................................. 6, 12

*Thompson v. Warehouse Corp. of Am., Inc.*,
   337 So. 2d 572 (La. App. 4th Cir. 1976) ............................................... 5

*United States ex rel. Joseph v. Cannon*,
   642 F.2d 1373 (D.C. Cir. 1981) ............................................................ 1

*United States v. W. Pac. R.R. Co.*,
   352 U.S. 59 (1959) ................................................................................. 7

*Wagner & Brown v. ANR Pipeline Co.*,
   837 F.2d 199 (5th Cir. 1988) ......................................................... 2, 7, 8

**Statutes**

Coastal Zone Management Act,
   16 U.S.C. §§ 1451 *et seq.* ................................................................... 11

La. R.S. § 38:301(B) ................................................................................. 6

La. R.S. § 38:306(A) ................................................................................. 6

La. R.S. § 49:214.1(A) .............................................................................. 5

La. R.S. § 49:214.25(A) ............................................................................ 5

La. R.S. § 49:214.26. ............................................................................... 11

La. R.S. § 49:214.27(C) ........................................................................... 11

La. R.S. § 49:214.6.3(B) .......................................................................... 12

State and Local Coastal Resources Management Act of 1978,
   La. R.S. §§ 49:214.21 *et seq* ............................................................... 11

iii

**Other Authorities**

Henry Friendly,
  *In Praise of Erie—And of the New Federal Common Law,*
  39 N.Y.U. L. Rev. 383 (1964) ..................................................................................................... 3

S. Rep. No. 753,
  92nd Cong., 2d Sess.,
  *reprinted in* 1972 U.S.C.C.A.N. 4776 ...................................................................................... 11

## INTRODUCTION

For reasons set forth in the other joint motions to dismiss filed by Defendants, the Court should dismiss the Board's claims because they are preempted by federal law, the Board has no right of action to pursue them, they are precluded by Louisiana's regulatory requirements, and the Board has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court need look no further for bases on which to dismiss the Board's Petition.

These fatal defects in the Board's suit are not mere technicalities. They are instead emblematic of a fundamental problem: this lawsuit is an impermissible attempt to mount what this Court rightly called "a collateral attack" on an established regulatory regime. Doc. 363, at 80. The federal government and the States have attempted "to balance the country's economic need for oil and gas with local, regional, and national environmental concerns." *Id.* at 80–81. But as this Court recognized, the Board's claims "are premised on the notion that this regulatory framework provides inadequate protection for the residents of southeastern Louisiana, and through litigation, [the Board] seeks to have the entire oil and gas industry [to] compensate residents for the shortfall." *Id.* at 81. As a consequence, the Board is asking this Court to address a complex policy question requiring an extensive set of cost-benefit decisions and difficult normative judgments about social priorities — in other words, to do a legislature's job.

Considerations of judicial restraint, and the role of courts in a democratic government, should lead the Court to reject the Board's proposed course. *Cf. Baker v. Carr*, 369 U.S. 186, 217 (1962) (courts should not decide a case in the face of "a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion"); *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1379 (D.C. Cir. 1981) ("political questions are denied judicial scrutiny, not only because they invite courts to intrude into the province of coordinate branches of

government, but also because courts are fundamentally underequipped to formulate national policies or develop standards of conduct for matters not legal in nature" (footnotes omitted)). For that reason, this lawsuit should be dismissed to avoid enmeshing the judiciary in matters of national coastal resource management and energy policy.  The lawsuit should also be dismissed under the public services doctrine, as the Board should not be allowed to seek compensation for performing *its* alleged obligations to maintain the levees and protect against flooding. Alternatively, if the lawsuit is not dismissed outright, it should be stayed and referred to the expert federal and state agencies with primary jurisdiction for resolving the issues raised by the Board's claims.

## APPLICABLE STANDARD

Tort remedies are displaced when the Legislative Branch directs that administrative agencies shall have primary authority for regulating a question previously left to the judiciary to decide in litigation.  *See Am. Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527, 2539–40 (2011). Moreover, under Louisiana law, when a government entity has been directed to fulfill certain public services, the cost of which are to be borne by the public as a whole, it cannot pursue litigation to seek compensation for performing those services.  *See Mayor & Council of City of Morgan City v. Jesse J. Fontenot, Inc.*, 460 So. 2d 685 (La. App. 1st Cir. 1984).  Finally, when Congress has entrusted the regulation of a certain subject matter to an expert administrative agency, a court asked to litigate issues within the agency's primary jurisdiction should (if it does not dismiss outright) stay its hand and refer the matter to the agency for its views.  *See generally Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir. 1988).

## ARGUMENT

**I.    The Board's Claims Should Be Dismissed Because They Have Been Displaced By The Political Branches And Are Barred Under The Public Services Doctrine.**

The Board's tort claims have been displaced by an extensive federal and state regulatory scheme that has designated expert federal and state regulators with primary authority to regulate the issues raised in the Board's Petition.   In the alternative, if the Board's claims are not displaced, the Board's lawsuit should be dismissed because it is an impermissible attempt to seek compensation for the public service obligations that the Board alleges it is required to perform.

**A.    The Board's Tort Remedies Have Been Displaced By The Action Of The Political Branches.**

The tort remedies the Board seeks in its Petition have been displaced by the political branches' decision to establish administrative agencies with the power to regulate in this area. As the Supreme Court recently emphasized, judges should allow expert agencies to take initial action in environmental regulation because   "[e]nvironmental protection is an area 'within national legislative power.'"   *Am. Elec. Power*, 131 S. Ct. at 2536 (quoting Henry Friendly, *In Praise of Erie—And of the New Federal Common Law,* 39 N.Y.U. L. Rev. 383, 421–22 (1964)). When "Congress addresses a question previously governed by [the common law]," the need for federal common law "disappears," and whatever common law remedies would otherwise be available are displaced.   *Id.* at 2537 (quoting *City of Milwaukee v. Illinois*, 451 U.S. 304, 314 (1981)).

In *American Electric Power*, the Supreme Court reversed a Second Circuit opinion permitting a district court to fashion a remedy for the problem of climate change caused by greenhouse gases, under the guise of tort law.  The Court explained Congress's "prescribed order of decision making," holding that EPA was better equipped to regulate greenhouse gas emission standards than a federal court:

3

[T]he first decider under the Act is the expert administrative agency, the second, federal judges—[which] is yet another reason to resist setting emissions standards by judicial decree under federal tort law.  The appropriate amount of regulation in any particular greenhouse gas-producing sector cannot be prescribed in a vacuum: as with other questions of national or international policy, informed assessment of competing interests is required.  Along with the environmental benefit potentially achievable, our Nation's energy needs and the possibility of economic disruption must weigh in the balance.

* * * * *

It is altogether fitting that Congress designated an expert agency, here, EPA, as best suited to serve as primary regulator of greenhouse gas emissions.  The expert agency is surely better equipped to do the job than individual district judges issuing ad hoc, case-by-case injunctions.  Federal judges lack the scientific, economic, and technological resources an agency can utilize in coping with issues of this order.  Judges may not commission scientific studies or convene groups of experts for advice, or issue rules under notice-and-comment procedures inviting input by any interested person, or seek the counsel of regulators in the States where the defendants are located.  Rather, judges are confined by a record comprising the evidence the parties present.

*Id.* at 2539–40; *see also Native Village of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849 (9th Cir.

2012) (federal common law displaced by Congressional action).

Here, as in *American Electric Power*, both the state and federal governments have

established expert regulatory agencies to make important environmental decisions in the first

instance.  As explained in Defendants' other motions to dismiss, federal law has assigned the

U.S. Army Corps of Engineers ("Corps") with responsibility for regulating navigable waterways,

and the Clean Water Act and the Rivers and Harbors Act "speak directly" to the question

whether Defendants' dredging activities are lawful and in the public interest, and whether the

backfilling and other remediation efforts urged by the Board should be required.  *See also* Doc.

363, at 82 (describing the "federal regulatory scheme that forms the foundation of [the Board's]

claims").  State law, too, has created administrative agencies responsible for flood control and

4

for overseeing Defendants' permitted activities.  *See generally* La. R.S. § 49:214.1(A); La. R.S. § 49:214.25(A)(1).  Because these issues have been entrusted to expert agencies, there is no room for judges to attempt to fashion competing environmental-protection policies or coastal restoration measures in the guise of tort law.  Such remedies have been displaced by legislative policy in favor of informed decisions by the relevant federal and state agencies; if the Board believes those agencies' approaches are insufficient to deal adequately with the problem, it can make its views known to those regulators, or failing that it can complain to Congress and the Louisiana legislature — and let the people's representatives decide whether increased coastal restoration efforts are worth the costs.  Courts should not undertake that task themselves.

### B.     The Board's Claims Are Barred By The Public Services Doctrine.

The Board's suit also fails because, even if its claims were not displaced, the Board is impermissibly seeking to recover compensation for performing *its* alleged essential governmental task.  That is forbidden under the public services doctrine.

In *Mayor and Council of City of Morgan City v. Jesse J. Fontenot, Inc.*, the Louisiana First Circuit Court of Appeal explained that governments "have been instituted among men to do for the public good those things which the people agree are best left to the public sector" and that while some government activities permissibly raise revenue, "there remains an area where the people as a whole absorb the cost of such services."  460 So. 2d at 688 (quotation marks omitted).  The court held that "a municipal corporation may not recover as damages the costs of its governmental operations which it was created to perform."  *Id.* (quotation marks omitted).

By way of example, a firefighter cannot recover from a person responsible for a fire, even if that fire injures the firefighter.  *See Thompson v. Warehouse Corp. of Am., Inc.*, 337 So. 2d 572 (La. App. 4th Cir. 1976).  That is because the tortfeasor's duty not to let his building catch fire runs to his neighbors, not to the fireman.  *See id.* at 573.  "To the contrary: it is the firefighters'

<div align="center">5</div>

duty to the property owners (and neighbors) to save them from their negligence." *Id.*; *see also Morgan City*, 460 So. 2d at 687–88; *Baker v. Smith & Wesson Corp.,* No. 99C-09-283-FSS, 2002 WL 31741522, at *4 (Del. Sup. Ct. Nov. 27, 2002) ("the cost of public services for protection from fire and safety hazards is to be borne by the public as a whole, not assessed against the tortfeasor whose negligence creates the need for the service'") (quoting *City of Flagstaff v. Atchison, Topeka & Santa Fe Ry. Co.,* 719 F.2d 322, 324 (9th Cir. 1983)).

The same is true here:  Louisiana law entrusts to the Board the "the care and inspection of levees," La. R.S. § 38:301(B), and gives it power to "insure the thorough and adequate protection of the lands of the district from damage by flood, and, in the case of levee and drainage boards, for the adequate drainage control of the district." *Id.* § 38:306(A).  In this suit, the Board essentially seeks to shift that responsibility to the entire oil and gas industry. *See, e.g.*, Pet. at 3 (alleging that the lawsuit is necessary for the Board to "fulfill its mission"); *id.* (alleging that the Board is "responsible" for protecting the public from storm surges); *id.* ¶ 7.6 (seeking recovery of costs associated with flood protection).

The Court should not lightly infer that this effort to shift public costs has been authorized by the Legislature.  Indeed, the Louisiana Supreme Court has expressly declined to shift coastal restoration expenses from the public ledger to the oil and gas industry where the controlling statute did not so prescribe. *See Terrebonne Parish School Bd. v. Castex Energy, Inc.*, 893 So. 2d 789, 792 (La. 2005) ("Although the temptation may be to thrust a great part of the solution to the problem of coastal restoration upon the oil and gas companies and other private parties, rather than the state and federal governments currently faced with underwriting the expense of restoration, we decline to do so out of respect for the terms of the mineral lease to which these parties agreed."). The better course is to reject the Board's attempt to seize control of national

and state environmental policy, and to leave the complicated judgments that task entails to the Legislature itself.

## II.   If It Is Not Dismissed, The Litigation Should Be Stayed And Referred To The Expert Agencies With Primary Jurisdiction Over The Board's Claims.

"Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the action by an administrative agency." *Wagner & Brown*, 837 F.2d at 201. The doctrine applies "whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body"; when primary jurisdiction is invoked, "the judicial process is suspended pending referral of such issues to the administrative body for its views." *Id.* (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63–64 (1959)). During such a stay, the plaintiff should apply to the relevant agency for a ruling. *Reiter v. Cooper*, 507 U.S. 258, 268 n.3 (1993).

The doctrine's chief virtue is "to encourage a court and agency to act in coordination with one other." *Gen. Elec. Co. v. MV Nedlloyd*, 817 F.2d 1022, 1026 (2d Cir. 1987). "[W]hen Congress has entrusted the regulation of a certain subject matter under a statute to an administrative agency, it is often counterproductive for a court to act upon that subject matter without the benefit of knowing what the agency has to offer." *Id.* Applying the doctrine is thus "especially appropriate" when "'uniformity of certain types of administrative decisions is desirable, or where there is a need for the expert and specialized knowledge of the agenc[y].'" *Wagner & Brown*, 837 F.2d at 201 (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 919 (5th Cir. 1983); some internal quotation marks omitted).

Here, if any of the Board's claims are not dismissed outright, the doctrine of primary jurisdiction counsels in favor of requiring the Board to seek the views of expert federal and state

agencies with special competence to decide whether Defendants' coastal use permits have been breached and whether the Board's proposed remediation efforts are appropriate. Congress has enacted an administrative regime of cooperative federalism, under which both the U.S. Army Corps of Engineers and Louisiana agencies jointly administer the relevant permitting programs. If the Court does not dismiss, those expert agencies should be the first to address the merits of the Board's Petition.

        **A.**        **The U.S. Army Corps of Engineers Has Primary Jurisdiction Over the Board's Claims.**

This lawsuit raises technical and policy-based judgments that the Corps is in the best position to make. First, the suit alleges in part that Defendants have violated the terms of their Corps-issued permits for the construction of the canals. *See, e.g.*, Pet. ¶¶ 9.2, 13, 28. The Corps is best able to evaluate that claim — both because it is the original issuer of the permits and because it has expertise in civil engineering. *See generally Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356, 360 (5th Cir. 2012) ("Congress has relied on the Corps to enforce the permits its issues for more than 100 years" and did not intend to authorize additional judicial remedies for private citizens). Similarly, the Corps is also better situated to determine whether, as the Board alleges, oil and gas activities are in fact the cause of coastal land loss. *See id.* ¶¶ 6.1 *et seq.* That question has national policy implications, and undoubtedly would inform the Corps's future decision making about issuing canal-dredging permits and remediating existing land loss.

Moreover, were the Court to resolve that question itself, it would have to perform the difficult task of refereeing competing expert testimony in a highly complex field. But the Corps can evaluate those claims with its "expert and specialized knowledge." *Wagner & Brown*, 837 F.2d at 201 (quotation marks omitted). Courts have recognized that primary jurisdiction is appropriate where the Corps can answer technical questions that bear on a lawsuit. *See Mulberry*

*Hills Dev. Corp. v. United States*, 772 F. Supp. 1553, 1561 (D. Md. 1991) ("Deferral to the agency on the issues raised in this case, on the basis of primary jurisdiction, is appropriate. The factual issues are present which are particularly within the expertise of the Corps and the EPA. Determination of whether an area constitutes a wetland within the meaning of § 404 of the CWA requires agency expertise."); *see also Fercom Aquaculture Corp. v. United States*, 740 F. Supp. 736, 739 (E.D. Mo. 1990) ("The issue plaintiff truly seeks to litigate in this Court is the government's interpretation of statutory and regulatory definitions of 'wetland' or 'water of the United States.' This issue falls squarely within agency expertise and the courts only ill-advisedly substitute their judgment for that of the appropriate agency in such a circumstance.").

More broadly, the remedial project the Board urges this Court to adjudicate is one that only the Corps can evaluate and supervise. The Board seeks extensive injunctive relief to require Defendants to engage in "abatement and restoration of the coastal lands at issue, including, but not limited to, backfilling and revegetating each and every canal" along with "wetlands creation, reef creation, land bridge construction, hydrologic restoration, shoreline protection, structural protection, bank stabilization, and ridge restoration." Pet. ¶¶ 14, 19, 32, 37, 42. Those are activities that the Corps is specifically charged with overseeing and approving.

Even leaving that aside, the prudent course would be to defer to the Corps to determine whether the suggested remediation activities would be worthwhile. The Fifth Circuit has previously recognized, for example, that district courts would be "well advised" to permit the Corps of Engineers "to make the initial determination about what activities should be permitted" on alleged wetlands. *Marsh*, 715 F.2d at 901; *see also Montgomery Envtl. Coalition Citizens Coordinating Comm. on Friendship Heights v. Wash. Suburban Sanitary Comm'n*, 607 F.2d 378, 381-82 (D.C. Cir. 1979) (case was "a particularly appropriate occasion for yielding primary

jurisdiction to the expert agency" when EPA would decide "the appropriate level and quality of discharge . . . , the same discharge [plaintiff] seeks to abate in this action"); *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988) (invoking primary jurisdiction because "a determination of the viability of a forest products business is a matter requiring technical expertise, well-suited for administrative decision making [by the Secretary of the Interior]").

Accordingly, if the Court does not dismiss the Board's Petition outright, it should stay the action and refer it to the Corps.

### B.    State Agencies Have Special Competency Regarding the Board's Claims.

The doctrine of primary jurisdiction also permits a federal court to defer to the views of state agencies.   In particular, "[i]f a state agency operates pursuant to a federal legislative scheme, for the purposes of the primary jurisdiction doctrine, the state agency may be entitled to the same treatment to which a federal agency is entitled." *Cnty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1310 n.9 (2d Cir. 1990); *see also, e.g.*, *Penny v. Sw. Bell Tel. Co.*, 906 F.2d 183, 188 (5th Cir. 1990) (finding that the primary jurisdiction doctrine applied in favor of Texas Public Utilities Commission in a discriminatory rates suit against a utility company in federal court); *Northwinds Abatement v. Emp'rs Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (doctrine of primary jurisdiction applied to stay a workers' compensation claim in federal court where the Texas Insurance Code committed the making of factual findings in that case to the Texas Workers' Compensation Insurance Facility; the State Board of Insurance; and the Texas Workers' Compensation Commission).   Here, two state agencies have a special competence in the issues raised by the Board's claims.

*Louisiana Department of Natural Resources ("LDNR")*.   The Court should defer to the primary jurisdiction of LDNR because, like the Corps, that agency has a special competence in

evaluating the Board's contention that Defendants violated their coastal use permits.  That is because, according to the cooperative scheme established by Congress in the Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451 *et seq.*, LDNR issues, monitors, and enforces coastal use permits.  The CZMA's "main purpose" is "the encouragement and assistance of States in preparing and implementing management programs to preserve, protect, develop and whenever possible restore the resources of the coastal zone of the United States. . . .  The intent of this legislation is to enhance state authority by encouraging and assisting the states to assume planning and regulatory powers over their Coastal zones."  S. Rep. No. 753, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 4776.  To this end, Congress "adopted the States as the focal point for developing comprehensive plans and implementation management programs for the coastal zone." *Id.* at 4780.

Louisiana's "approved plan" under the CZMA is the State and Local Coastal Resources Management Act of 1978 ("SLCRMA"), La. R.S. §§ 49:214.21 *et seq.*  Under SLCRMA, the Secretary of the LDNR is responsible for issuing coastal use permits, establishing any conditions on permits, and ensuring that conditions of coastal use permits are satisfied.  *See* La. R.S. § 49:214.26.  SLCRMA requires LDNR to undertake highly specialized determinations.  It tasks the agency with developing "the overall state coastal management program" and to provide guidelines "[r]equir[ing] careful consideration of the impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority."  La. R.S. § 49:214.27(C)(3).

LDNR is thus well-suited to make expert decisions about whether Defendants have in fact, as the Board alleges, violated their coastal use permits.  Because those decisions "involve[]

technical questions of fact uniquely within the expertise and experience of an agency," *Nader v. Allegheny Airlines*, 426 U.S. 290, 304 (1976), this Court should invoke primary jurisdiction and refer the matter to LDNR.

 ***The Coastal Protection and Restoration Authority ("CPRA")***.  The CPRA also has special expertise bearing on this case to which the Court should defer.  The CPRA is the state agency ultimately responsible for coastal flood control and hurricane protection.  *See* La. R.S. § 49:214.6.3(B)(3) ("The exercise of any authority with respect to hurricane protection and flood control by a political subdivision within the coastal area is subject to the oversight and approval of the authority in accordance with rules and regulations adopted by the authority [*i.e.*, the CPRA].").  The Board's claims for injunctive relief concern precisely those matters — coastal restoration and hurricane protection — that have been legislatively committed to the CPRA. That agency, unlike the judiciary, is in a good position to know whether the Board's proposals for backfilling and similar remediation efforts are consistent with sound ecological management and the State's comprehensive approach to coastal management.  *See Terrebonne Parish*, 893 So. 2d at 802 ("The court is hesitant to interpose its authority, limited, as it must be, to resolving civil disputes between litigating parties, to order piecemeal restoration of the coast in some fashion, considering the far superior knowledge of relevant environmental concerns that state agencies and experts possess.").

 In sum, the management of coastal resources is a weighty task committed to federal and state regulators.  Those regulators possess expertise bearing on the technical questions on which the Board's contentions, and the propriety of its claims for relief, depend.  This Court should abstain from adjudicating this case until those agencies have spoken.

**CONCLUSION**

The Board's Petition should be dismissed.  In the alternative, the case should be stayed and the Board's claims referred to the regulators with primary jurisdiction over them.

Respectfully submitted,

KING AND SPALDING LLP

/s/ Robert E. Meadows
 Robert E. Meadows (*admitted pro hac vice*)
Jeremiah J. Anderson (*admitted pro hac vice*)
1100 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 751-3200
Facsimile:  (713) 751-3290
bmeadows@kslaw.com
jjanderson@kslaw.com

-and-

KING AND SPALDING LLP (Washington)
Ashley C. Parrish (*admitted pro hac vice*)
1700 Pennsylvania Ave., N.W.
Suite 200
Washington, DC 20006-4706
Tel: 202-737-0500
aparrish@kslaw.com

-and-

Michael R. Phillips (#21020)
KEAN MILLER LLP
909 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3951
mike.phillips@keanmiller.com

-and-

L. Victor Gregoire (#22400)
Linda S. Akchin (#17904)
Charles S. McCowan, III (#19699)
Pamela Roman Mascari (#25162)
KEAN MILLER LLP
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
victor.gregoire@keanmiller.com
linda.akchin@keanmiller.com
trey.mccowan@keanmiller.com
pam.mascari@keanmiller.com

***Attorneys for Chevron U.S.A. Inc., Chevron Pipeline Company, Union Oil Company of California, and Kewanee Industries, Inc.***

CURRY & FRIEND, PLC

/s/Meghan E. Smith
CHRISTOFFER C. FRIEND (#1888)
MOLLY STEELE (#32251)
LAURA C. COCUS (#31435)
MEGHAN E. SMITH (#34097)
Whitney Bank Building, Suite 1200
228 Saint Charles Avenue
New Orleans, Louisiana 70130
T. (504) 524-8556
F. (504) 524-8703
christofferfriend@curryandfriend.com
mollysteele@curryandfriend.com
lauracocus@curryandfriend.com
meghansmith@curryandfriend.com

*Attorneys for Placid Oil Company and
Vintage Petroleum, LLC*


NEUNER PATE

/s/Ben L. Mayeaux
FRANK X. NEUNER, JR.#07674
BEN L. MAYEAUX #19042
KEVIN P. MERCHANT #24559
CLIFF A. LACOUR #30581
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Post Office Drawer 52828
Lafayette, Louisiana 70505-2828
T. (337) 237-7000
F. (337) 233-9450

*Attorneys for EnLink LIG, LLC*


JONES WALKER LLP

/s/Alida C. Hainkel
ALIDA C. HAINKEL, T.A.  (#24114)
LAUREN C. MASTIO  (#33077)
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
T. (504) 582-8602
F. (504) 589-8602
ahainkel@joneswalker.com
lmastio@joneswalker.com

*Attorneys for Defendants,
McMoRan Exploration Co. and
PXP Producing Co., LLC*


NEUNER PATE

/s/ Brandon W. Letulier
Brandon W. Letulier #28657
Cliff A. LaCour #30581
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
T. (337) 237-7000
F. (337) 233-9450
bletulier@NeunerPate.com
clacour@NeunerPate.com

*Attorneys for Defendant Rozel Operating Company*


STRONG PIPKIN BISSELL & LEDYARD, L.L.P.

/s/ John G. Bissell
John G. Bissell (Federal I.D.: 4562)
Michael Hendryx (Federal I.D.: 2956)
Jason C. McLaurin (LA No. 34675)
4900 Woodway Dr., Suite 1200
Houston, Texas 77056
T. (713) 651-1900
F. (713) 651-1920
jbissell@strongpipkin.com
mhendryx@strongpipkin.com
jmclaurin@strongpipkin.com

*Attorneys for Defendant
Mosbacher Energy Company*


FRILOT L.L.C.

/s/ Kerry J. Miller
KERRY J. MILLER (#24562), T.A.
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
T. (504) 599-8000
F. (504) 599-8100
kmiller@frilot.com
pthibodeaux@frilo.com
ddysart@frilot.com

*Attorneys for Defendant,
Murphy Exploration & Production Company - USA*

JONES WALKER LLP

*/s/Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A.  (#02083)
ALIDA C. HAINKEL  (#24114)
LAUREN C. MASTIO  (#33077)
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
T. (504) 582-8296
F. (504) 589-8296
crosenblum@joneswalker.com

**Attorneys for Hilliard Oil and Gas, Inc.**


GRAY REED & McGRAW, P.C.

/s/ James J. Ormiston
James J. Ormiston, Trial Attorney
admitted *pro hac vice*
Michael A. Ackal, III
admitted *pro hac vice*
Gabe T. Vick
admitted *pro hac vice*
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
T. (713) 986-7000
F. (713) 986-7100
jormiston@grayreed.com
mackal@grayreed.com
gvick@grayreed.com

and

LARZELERE PICOU WELLS
SIMPSON LONERO, LLC

Morgan J. Wells, Jr. (No. 18499)
Evan J. Godofsky (No. 32471)
Two Lakeway Center - Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana  70002
T. (504) 834-6500
F. (504) 834-6565
mwells@lpwsl.com
egodofsky@lpwsl.com

**Attorneys for Defendant Crawford Hughes Operating Company**


LAPEYRE AND LAPEYRE, L.L.P.

/s/ F. Henri Lapeyre, Jr.
F. Henri Lapeyre, Jr. (APLC)
Louisiana Bar Roll No. 8035
Etienne C.  Lapeyre (APLC)
Louisiana Bar Roll No. 20169
400 Magazine Street, Suite 304
New Orleans, Louisiana 70130
T. (504) 524-5152
F. (504) 524-3321
lapeyre@att.net

**Attorneys for Davis Oil Company**


GRAY REED & McGRAW, P.C.

/s/ Julie M. Palmer
Julie M. Palmer, Trial Attorney
admitted *pro hac vice*
James J. Ormiston
admitted *pro hac vice*
Michael A. Ackal, III
admitted *pro hac vice*
Gabe T. Vick
admitted *pro hac vice*
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
T. (713) 986-7000
F. (713) 986-7100
jpalmer@grayreed.com
jormiston@grayreed.com
mackal@grayreed.com
gvick@grayreed.com

and

LARZELERE PICOU WELLS
SIMPSON LONERO, LLC

Morgan J. Wells, Jr. (No. 18499)
Evan J. Godofsky (No. 32471)
Two Lakeway Center - Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana  70002
T. (504) 834-6500
F. (504) 834-6565
mwells@lpwsl.com
egodofsky@lpwsl.cocaskids

**Attorneys for Defendant
Seneca Resources Corporation**

KUCHLER POLK SCHELL
WEINER & RICHESON, L.L.C.

/s/ Deborah D. Kuchler
Deborah D. Kuchler, T.A. (#17013)
Janika D. Polk (#27608)
Leigh Ann Schell (#19811)
Michele Hale DeShazo (#29893)
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
dkuchler@kuchlerpolk.com
jpolk@kuchlerpolk.com
lschell@kuchlerpolk.com
mdeshazo@kuchlerpolk.com

*Counsel for ConocoPhillips Company, Continental Oil Company, and Louisiana Land and Exploration Company, LLC*

KUCHLER POLK SCHELL
WEINER & RICHESON, L.L.C.

/s/ Deborah D. Kuchler
Deborah D. Kuchler, T.A. (#17013)
Janika D. Polk (#27608)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Michele Hale DeShazo (#29893)
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
dkuchler@kuchlerpolk.com
jpolk@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
mdeshazo@kuchlerpolk.com

*Counsel for Anadarko E&P Onshore LLC*

MONTGOMERY BARNETT, L.L.P.

/s/ John Y. Pearce
JOHN Y. PEARCE (Bar No. 10374), T.A.
EDWARD L. FENASCI (Bar No. 24793)
3300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163
T. (504)585-3200
F. (504) 585-7688
jpearce@monbar.com
tfenasci@monbar.com

*Attorneys for Whiting Oil and Gas Corporation*

ADAMS AND REESE LLP

/s/ Martin A. Stern
Martin A. Stern (#17154)
Glen M. Pilié (#1539)
Jeffrey E. Richardson (#23273)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
T. (504) 581-3234
martin.stern@arlaw.com
glen.pilie@arlaw.com
jeffrey.richardson@arlaw.com

*Counsel for Defendant, Exxon Mobil Corporation*

STONE PIGMAN WALTHER
WITTMANN L.L.C.

/s/ John Farnsworth
Barry W. Ashe, La. Bar No. 14056
John P. Farnsworth, La. Bar No. 26028
Justin P. Lemaire, La. Bar No. 29948
Brooke C. Tigchelaar, La. Bar No. 32029
546 Carondelet Street
New Orleans, Louisiana  70130-3588
Telephone:  (504) 581-3200
bashe@stonepigman.com
jfarnsworth@stonepigman.com
jlemaire@stonepigman.com
btigchelaar@stonepigman.com

*Attorneys for Noble Energy, Inc.*

GIEGER, LABORDE & LAPEROUSE, LLC

/s/ Andrew A. Braun
Andrew A. Braun, T.A. (La. Bar #3415)
Caitlin J. Hill (La. Bar #34303)
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
T. (504) 561-0400
F. (504) 561-1011
abraun@glllaw.com
chill@glllaw.com

*Attorneys for Harvest Oil and Gas, LLC*

SLATTERY, MARINO & ROBERTS

/s/Gerald F. Slattery,Jr.
Gerald F. Slattery, Jr., T.A. (La. Bar Roll No. 12129)
Emile J. Dreuil, III (La. Bar Roll No. 29840)
Energy Centre, 1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone:  (504)  585-7800
Telecopier:  (504)  585-7890

*Attorneys for Defendant Chroma Operating, Inc.*

DANIEL C. HUGHES, APLC

/s/ Daniel C. Hughes
Daniel C. Hughes, Bar# 07075
126 Heymann Boulevard (70503)
P.O. Box 51595
Lafayette, LA 70505-1595
Telephone:        (337) 237-6566
Facsimile:        (337) 235-6355
Email:   Dan@hughesaplc.com

*Attorney for The Pickens Company, Inc.*

/s/ George M. Gilly
George M. Gilly (#06234)
1001 Ochsner Blvd., Suite 200
Covington, Louisiana  70433
(985) 801-4300
(985) 801-4795
georgeg@llog.com

*Attorney for LLOG Exploration Company, L.L.C.*

SCHONEKAS, EVANS, MCGOEY & MCEACHIN, LLC

  _/s/ Kyle D. Schonekas_____
Kyle D. Schonekas, 11817
William P. Gibbens, 27225
Frances M. Montegut, 33288
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Kyle@semmlaw.com
Billy@semmlaw.com
Frannie@semmlaw.com


SHIPLEY SNELL MONTGOMERY LLP

George T. Shipley (*pro hac vice*)
Amy Snell (*pro hac vice*)
712 Main St., Ste. 1400
Houston, Texas 77002
T: (713) 652-5920
F: (713) 652-3057
gshipley@shipleysnell.com
asnell@shipleysnell.com

**Attorneys for CenterPoint Energy Resources Corp.**


TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

_/s/ Edward D. Hughes_____
John Michael Parker, Bar# 10321
Edward D. Hughes, Bar# 28617 (T.A.)
Paul O. Dicharry, Bar# 4928
Erin B. Sayes, Bar #34079
451 Florida Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:       (225) 387-3221
Facsimile:        (225) 346-8049
Email:  mike.parker@taylorporter.com
            eddie.hughes@taylorporter.com
            paul.dicharry@taylorporter.com
            erin.sayes@taylorporter.com

**Attorneys for Defendants, Helis Oil & Gas Company, L.L.C., Helis Energy, L.L.C. and Estate of William G. Helis, Yuma Exploration and Production Co., Inc., and Source Petroleum, Inc.**


LISKOW & LEWIS

_/s/ Jonathan A. Hunter_____
Jonathan A. Hunter, T.A. (#18619)
Kelly Brechtel Becker (#27375)
Elizabeth S. Wheeler (#21148)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com
kbbecker@liskow.com
ewheeler@liskow.com

**Attorneys for Defendant Hess Corporation**


LARZELERE PICOU WELLS
SIMPSON LONERO, LLC

_/s/ Morgan J. Wells, Jr._____
Morgan J. Wells, Jr., Trial Attorney (No. 18499)
Evan J. Godofsky (No. 32471)
Two Lakeway Center - Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 834-6500
Facsimile:  (504) 834-6565
mwells@lpwsl.com
egodofsky@lpwsl.com

**Attorneys for Defendant CasKids Operating Company**

LISKOW & LEWIS

/s/ R. Keith Jarrett
R. Keith Jarrett (Bar #16984)
Mark L. McNamara (Bar #25170)
Dana M. Douglas (Bar #26866)
Kelly Brechtel Becker (Bar #27375)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
rkjarrett@liskow.com
mlmcnamara@liskow.com
dmdouglas@liskow.com
kbbecker@liskow.com

*Attorneys for Shell Oil Company*

ADAMS AND REESE LLP

/s/Francis V. Liantonio, Jr.
THOMAS G. O'BRIEN (#10149)
FRANCIS V. LIANTONIO, JR. (#19282)
JANE C. RAIFORD (#1274)
GREGORY F. ROUCHELL (#28746)
701 Poydras Street, Suite 4500
New Orleans, Louisiana  70139
Telephone:  (504) 581-3234
Facsimile:   (504) 566-0210
Emails: Tom.Obrien@arlaw.com
        Frank.Liantonio@arlaw.com
        Jane.Raiford@arlaw.com
        Greg.Rouchell@arlaw.com

*Attorneys for Alta Mesa Services, LP and The Meridian Resource & Exploration LLC*

KEAN MILLER LLP

*/s/ Leonard L. Kilgore, III*
Leonard L. Kilgore, III, T.A. (#7372)
Esteban Herrera, Jr. (#20859)
Mark Marionneaux (#21743)
Richard D. McConnell, Jr. (#29973)
Victor J. Suane, Jr. (#31337)
Erin P. Tadie (#33627)
II City Plaza, Suite 700
400 Convention Street (70802)
Post Office Box 3513
Baton Rouge, Louisiana 70821-3513
Telephone:  (225) 387-0999
Facsimile:  (225) 388-9133
len.kilgore@keanmiller.com
esteban.herrera@keanmiller.com
mark.marionneaux@keanmiller.com
richard.mcconnell@keanmiller.com
victor.suane@keanmiller.com
erin.tadie@keanmiller.com

-and-

KEAN MILLER LLP

Richard S. Pabst (#17736)
Brett P. Fenasci (#29858)
909 Poydras Street, Suite 3600
New Orleans, Louisiana  70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3051
richard.pabst@keanmiller.com
brett.fenasci@keanmiller.com

***Attorneys for Callon Offshore Production, Inc.,
Callon Petroleum Company, EOG Resources, Inc.,
Enterprise Intrastate LLC, EP Energy Management,
L.L.C., Marathon Oil Company, Williams
Exploration Company, Sun Oil Company, and
Devon Energy Production Company, L.P.***

McGUIREWOODS LLP

*/s/ Ronald G. Franklin*
Ronald G. Franklin *(Admitted Pro Hac Vice)*
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, Texas 77002-2906
(832) 214-9942 (Telephone)
(713) 571-9652 (Facsimile)
rfranklin@mcguirewoods.com

Angela M. Spivey *(Admitted Pro Hac Vice)*
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5720 (Telephone)
(404) 443-5792 (Facsimile)
aspivey@mcguirewoods.com

R. Trent Taylor *(Admitted Pro Hac Vice)*
One James Center
901 East Cary Street
Richmond, Virginia  23219-4030
(804) 775-1182 (Telephone)
(804) 225-5409 (Facsimile)
rtaylor@mcguirewoods.com

-and-

KEAN MILLER LLP

Leonard L. Kilgore, III, T.A. (#7372)
Esteban Herrera, Jr. (#20859)
Mark Marionneaux (#29973)
Richard D. McConnell, Jr. (#29973)
Victor J. Suane, Jr. (#31337)
Erin P. Tadie (#33627)
II City Plaza, Suite 700
400 Convention Street
Post Office Box 3513
Baton Rouge, Louisiana  70821-3513
(225) 387-0999 (Telephone)
(225) 388-9133 (Facsimile)
len.kilgore@keanmiller.com
richard.mcconnell@keanmiller.com

Richard Pabst (#17736)
Brett P. Fenasci (#29858)
909 Poydras Street, Suite 1400
New Orleans, Louisiana  70112
(504) 585-3050
richard.pabst@keanmiller.com

***Counsel for Devon Energy Production Company, L.P.***

GUGLIELMO, LOPEZ, TUTTLE, HUNTER & JARRELL

/s/ James T. Guglielmo
James T. Guglielmo #6417
306 E. North Street
P O Drawer 1329
Opelousas LA  70571-1299
337-948-8201

-and-

WALL, BULLINGTON & COOK

Jonathan R. Cook (#25629)
Guy E. Wall (#7718)
540 Elmwood Park Blvd.
New Orleans LA  70123
504-736-0347

**Attorneys for Liberty Oil & Gas Corporation**

KEOGH, COX & WILSON, LTD.

/s/ John P. Wolff, III
John P. Wolff, III, #14504
Nancy B. Gilbert, #23095
Christopher K. Jones, #28101
Richard W. Wolff, #34844
Mark T. Assad, #35029
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
jwolff@kcwlaw.com
ngilbert@kcwlaw.com
cjones@kcwlaw.com
rwolff@kcwlaw.com
massad@kcwlaw.com

**Attorneys for Sundown Energy, LP**

KEAN MILLER LLP

/s/ Bradley J. Schlotterer
Bradley J. Schlotterer (#24211)
Dylan T. Thriffiley (#31995)
909 Poydras Street, Suite 3600
New Orleans, LA  70112
Telephone:  (504) 585-3050
Facsimile:   (504) 585-3051

**Attorneys for Newfield Exploration Company**

BLUE WILLIAMS, L.L.P.

/s/ Scott A. Soule
Scott A. Soule – Bar #20379
Emily C. Canizaro – Bar #31101
Josephine A. Hood – Bar #33894
1060 West Causeway Approach
Mandeville, LA  70471
Telephone:  (504) 830-4977
Facsimile:   (504) 849-3883
*ssoule@bluewilliams.com*
*ecanizaro@bluewilliams.com*
*jhood@bluewilliams.com*

**Attorney for Defendant
Republic Mineral Corporation**

PREIS PLC
(A Professional Law Corporation)

*/s/Robert M. Kallam*
ROBERT M. KALLAM (#20242)
JENNIFER A. WELLS (#26549)
102 Versailles Blvd., Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone:        337.237.6062
Facsimile:        337.237.9129
rmk@preisplc.com
jaw@preisplc.com

-and-

LAW OFFICE OF STEPHEN D. BAKER

STEPHEN D. BAKER (#2705)
412 West University Ave., Suite 101
Lafayette, LA 70506
Telephone: (337) 235.8298
Facsimile (337) 235.8307
sdbaker10@hotmail.com

**Counsel for Clayton Williams Energy, Inc.**

PHELPS DUNBAR LLP

/s/ Steven J. Levine
Steven J. Levine, Bar Roll No. 14139
John B. Shortess, Bar Roll No. 26513
Kevin W. Welsh, Bar Roll No. 35380
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225-346-0285
Facsimile: 225-381-919
Email:   levines@phelps.com
john.shortess@phelps.com
kevin.welsh@phelps.com

-and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Michael J. Lyle (*admitted pro hac vice*)
Eric C. Lyttle (*admitted pro hac vice*)
777 6th Street, 11th Floor
Washington, DC 20001
Telephone: (202) 538-8000
Facsimile:  (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com

**Attorneys for Defendants**
**Koch Exploration Company, LLC and**
**Koch Industries, Inc.**

LISKOW & LEWIS

/s/ Robert B. McNeal
ROBERT B. McNEAL (Bar No. 14211)
One Shell Square
701 Poydras St. Suite 5000
New Orleans, LA 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
rbmcneal@liskow.com

MICHAEL P. CASH (Bar No. 31655)
First City Tower
1001 Fannin Street
Houston, TX 77002-6756
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
mcash@liskow.com

JAMIE D. RHYMES (Bar No. 24621)
822 Harding Street
Lafayette, LA 70503
Telephone:  (337) 232-7424
Facsimile:  (447) 267-2399
jdrhymes@liskow.com

*Attorneys for Exxon Mobil Corporation, Exxon Mobil Pipeline Corporation, Collins Pipeline Company, and Moem Pipeline, LLC*

-and-

ADAMS AND REESE LLP

Martin A. Stern (#17154)
Glen M. Pilié (#1539)
Jeffrey E. Richardson (#23273)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
*martin.stern@arlaw.com*
*glen.pilie@arlaw.com*
*Jeffrey.richardson@arlaw.com*

and

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Roy C. Cheatwood (No. 04010)
Monica a. Frois (No. 20187)
Matthew A. Woolf (No. 27146)
Tyler L. Weidlich (No. 30790)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Tel.:  (504) 566-5200
Fax:  (504) 636-4000
rcheatwood@bakerdonelson.com
mfrois@bakerdonelson.com
mwoolf@bakerdonelson.com
tweidlich@bakerdonelson.com

*Attorneys for Exxon Mobil Corporation*

LISKOW & LEWIS

/s/ George Arceneaux III
George Arceneaux III, T.A. (Bar No. 17442)
Brittan J. Bush (Bar No. 34472)
822 Harding St.
P.O. Box 52008
Lafayette, LA 70505
T.  (337) 232-7424
F. (337) 267-2399
garceneaux@liskow.com
bjbush@liskow.com

Joe B. Norman (Bar #8160)
K. Todd Wallace (Bar #25920)
Kathryn Zainey Gonski (Bar #33442)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T. (504) 581-7979
F. (504) 556-4108
jbnorman@liskow.com
ktwallace@liskow.com
kzgonski@liskow.com

ARNOLD & PORTER LLP

Matthew T. Heartney (CA Bar No. 123516)
(*Pro Hac Vice*)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
T. (213) 243-4150
matthew.heartney@aporter.com

-and-

ARNOLD & PORTER LLP

Nancy G. Milburn (NY Bar No. 1956554)
(*Pro Hac Vice*)
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1008
nancy.milburn@aporter.com

*Attorneys for BP America Production Company, BP Oil Pipeline Company, BP Pipelines (North America) Inc., and Atlantic Richfield Company*

SLATTERY, MARINO & ROBERTS

/s/Gerald F. Slattery,Jr.
Gerald F. Slattery, Jr., T.A. (La. Bar Roll No. 12129)
David S. Landry (La. Bar Roll No. 25751)
Emile J. Dreuil, III (La. Bar Roll No. 29840)
Energy Centre, 1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone:  (504) 585-7800
Telecopier:  (504) 585-7890

and

KEAN MILLER, LLP

Leonard L. Kilgore, III, T.A. (#7372)
Esteban Herrera, Jr. (#20859)
Mark Marionneaux (#29973)
Richard D. McConnell, Jr. (#29973)
Victor J. Suane, Jr. (#31337)
Erin P. Tadie (#33627)
II City Plaza, Suite 700
400 Convention Street
Post Office Box 3513
Baton Rouge, Louisiana  70821-3513
(225) 387-0999 (Telephone)
(225) 388-9133 (Facsimile)
len.kilgore@keanmiller.com
richard.mcconnell@keanmiller.com

***Attorneys for Defendant Energen Resources
Corporation***

BRADLEY MURCHISON KELLY &
SHEA LLC


/s/ Stephen C. Fortson
Stephen C. Fortson (LSBA #28352)
Anna W. O'Neal (LSBA #34813)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile:  (318) 227-1141

***Attorneys for O'MEARA, L.L.C.***

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

/s/ Tyler L. Weidlich
Roy C. Cheatwood (#4010)
Nancy Scott Degan (#1819)
Tyler L. Weidlich (#30790)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:   (504) 636-4000

**Attorneys for Defendant**
**Cox Operating, LLC**

LOCKE LORD LLP

/s/ Jason M. Cerise
Jason M. Cerise (28526)
Omer F. Kuebel, III (21682), T.A.
Monique M. Lafontaine (24557)
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5110
Facsimile (504) 681-5210
jcerise@lockelord.com

**Counsel for Defendant,**
**White Oak Operating, LLC**

GORDON, ARATA, MCCOLLAM, DUPLANTIS &
EAGAN, LLC

/s/ Terrence K. Knister
Terrence K. Knister, T.A. (La. #7755)
Kelly Dussel Perrier (La. #32634)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana  70170-4000
Telephone:  (504) 582-1115
Facsimile: (504) 582-1121
tknister@gordonarata.com
kperrier@gordonarata.com

**Attorneys for Defendant, HKN, INC**.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/  Jeremiah J. Anderson
Jeremiah J. Anderson